_____
Honorable Gary Spraker
United States Bankruptcy Judge

Entered on Docket
February 23, 2016

_____

WRIGHT, FINLAY & ZAK, LLP
Kristine A. O'Quinn, Esq.
Nevada Bar No. 13556
7785 W. Sahara Ave., Suite 200
Las Vegas, NV 89117
(702) 475-7964; Fax: (702) 946-1345
koquinn@wrightlegal.net
*Attorney for Secured Creditor, Seterus, Inc., as authorized subservicer for Federal National Mortgage Association ("Fannie Mae"), a corporation organized and existing under the laws of the United States of America*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

In re:

HERNI THOMPSON

Debtor.

Case No.: 13-20220-led
Chapter:   11

**ORDER ON STIPULATION TO VALUE COLLATERAL AND DETERMINE PLAN TREATMENT**

Hearing Date: February 23, 2016
Hearing Time: 9:30 AM

THE COURT HEREBY ORDERS pursuant to the Stipulation to Value Collateral and Determine Plan Treatment entered into by and between Herni Thompson ("Debtor"), by and through her attorney of record, Corey B. Beck, Esq., and Seterus, Inc. as the authorized subservicer for Federal National Mortgage Association ("Fannie Mae"), creditor c/o Seterus, Inc., (herein collectively known as "Secured Creditor"), by and through its attorney of record, Kristine A. O'Quinn, Esq., and for good cause appearing:

**IT IS HEREBY ORDERED** that the value of the real property commonly known as 2703 Pala Dura Drive, Henderson, NV 89074 (the "Property") is $320,000.00.

1

**IT IS FURTHER ORDERED** that Secured Creditor's secured claim of $320,000.00 shall be amortized over 360 months at the interest rate of 5.125% per annum.

**IT IS FURTHER ORDERED** that Debtor shall issue principal and interest mortgage payments of $1,742.36, due on the first of each month and late as of the tenth day of each month, to Secured Creditor at Seterus, Inc., PO Box 1047, Hartford, CT 06143, commencing on April 1, 2016.

**IT IS FURTHER ORDERED** that Debtor shall also issue escrow payments of $225.00 to Secured Creditor at Seterus, Inc., PO Box 1047, Hartford, CT 06143, commencing on April 1, 2016.

**IT IS FURTHER ORDERED** that Debtor shall cure the post-petition escrow advances of $5,507.43 over six months with payments of $917.91 due by the fifteenth day of each month from April 15, 2016, through September 15, 2016.

**IT IS FURTHER ORDERED** that except as otherwise expressly provided herein, all remaining terms of the Note and Deed of Trust shall remain in effect.

**IT IS FURTHER ORDERED** that the terms, provisions and duties imposed upon each party pursuant to this Stipulation shall become void and extinguished in the event this bankruptcy proceeding is dismissed, converted to another chapter, or the Debtor occupies the subject property as his primary residence during the pendency of this instant bankruptcy proceeding.

**IT IS FURTHER ORDERED** that in the event Debtor fails to timely and properly comply with the payments discussed above while the automatic stay is in effect, Secured Creditor shall send to Debtor written notice of default with a copy sent to Debtor's counsel, stating that the Debtor shall have fifteen (15) days to cure. In the event Debtor fails to timely and properly cure the delinquency pursuant to the 15-day written notice of default as set forth hereinabove, Seterus, Inc. as the authorized subservicer for Federal National Mortgage Association, shall submit an Ex Parte Order Terminating the Automatic Stay. Upon entry of the Ex Parte Order, the Automatic Stay shall be immediately terminated and extinguished for all purposes as to Secured Creditor, Seterus, Inc. as the authorized subservicer for Federal National Mortgage Association,

its assignees and/or successors in interest, may proceed with a foreclosure of and hold a Trustee's Sale of the Subject Property, pursuant to applicable state law, and commence any action necessary to obtain complete possession of the Subject Property.

**IT IS FURTHER ORDERED** that the event of default, after the stay has been terminated with respect to Fannie Mae, whether through the closing of this case or entry of an order terminating the automatic stay, Secured Creditor is not required to record a new Notice of Default before resuming foreclosure efforts.

**IT IS FURTHER ORDERED** that this stipulation shall not be considered a permanent modification of Debtor's loan until completion of the plan and entry of a discharge order.

**IT IS FURTHER ORDERED** that if all or any part of the subject property or any interest in the subject property is sold or transferred (or if Debtor is not a natural person and a beneficial interest in Debtor is sold or transferred) without Secured Creditor's prior written consent, Secured Creditor may require immediate payment in full of all sums secured by the Note and Deed of Trust.

**IT IS FURTHER ORDERED** that in the event Debtor intends to proceed with a short sale of the subject property, a new valuation of the subject property will be required at the time of the short sale, and that the agreed upon value in this Order is for the purposes of the instant Chapter 11 case and should not be considered a payoff quote or waiver of principal, interest or other fees and costs permitted under the Note and Deed of Trust in the event the short sale does not go forward or Debtor does not comply with the Plan, any subsequent amendments, stipulations or the bankruptcy is converted and/or dismissed.

**IT IS FURTHER ORDERED** that Secured Creditor is authorized to include the unpaid principal balance on Debtor's monthly mortgage statements during the pendency of the instant bankruptcy proceeding and contingent upon Debtor's consummation and completion of all payments under the Chapter 11 Plan and Debtor's receipt of a Chapter 11 discharge.

**IT IS FURTHER ORDERED** that the terms of this stipulation may not be modified, altered, or changed by the Debtor's Chapter 11 Plan, any confirmation order thereon, any subsequently filed Amended Chapter 11 Plan and/or confirmation order thereon without the

express written consent of the creditor. Terms of this stipulation shall be incorporated into Debtor's Chapter 11 Plan and/or subsequent Amended Chapter 11 Plans.

**IT IS FURTHER ORDERED** that the terms of this Order shall be incorporated into the final Order Confirming Plan, a copy of which is to be provided to Secured Creditor for review prior to entry and that to the extent of any inconsistency between the terms of this Stipulation and the terms set forth in any Chapter 11 Plan, the terms of this Stipulation control.

**IT IS FURTHER ORDERED** that in exchange for the foregoing, Secured Creditor votes in favor of Debtor's Chapter 11 Plan.

**IT IS FURTHER ORDERED** that the hearing on Debtor's Motion to Value Collateral currently scheduled for February 23, 2016, at 9:30 am shall be vacated.

Submitted by:

WRIGHT, FINLAY & ZAK, LLP

*/s/ Kristine A. O'Quinn*

Kristine A. O'Quinn, Esq.
Nevada Bar No. 13556
7785 W. Sahara Ave., Suite 200
Las Vegas, NV 89117
*Attorney for Secured Creditor,
Seterus, Inc., as authorized subservicer for
Federal National Mortgage Association
("Fannie Mae"), a corporation organized
and existing under the laws of the United
States of America*