Kristin A. Schuler-Hintz, Esq. SBN 7171
Michael Chen, Esq. SBN 7307
**McCarthy & Holthus, LLP**
9510 West Sahara Avenue, Suite 200
Las Vegas, NV 89117
Phone (877) 369-6122
Fax (866) 339-5691

Attorneys for Secured Creditor, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, by Caliber Home Loans, Inc., as its attorney in fact, its assignees and/or successors

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re: | ) Case No. 13-20220-gs |
| | ) |
| Herni Thompson aka Herni S Thompson aka Herni Suhandi Thompson aka Herni Tjong Thompson, | ) ) Chapter 11 ) |
| | ) |
| Debtor. | ) **STIPULATION FOR PLAN TREATMENT** |
| | ) **ON FIRST LIEN SECURED BY REAL** |
| | ) **PROPERTY AT 207 CHETTRO COURT,** |
| | ) **HENDERSON, NV 89074** |
| | ) |
| | ) Judge: Gary Spraker |
| | ) |
| | ) |
| | ) |

U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, by Caliber Home Loans, Inc., as its attorney in fact, its assignees and/or successors ("Secured Creditor" herein) and Debtor, Herni Thompson ("Debtor" herein), by and through their attorneys of record, now enter into the below stipulation to resolve and agree to plan treatment of the real property commonly known as 207 Chettro Court, Henderson, NV 89074.

## RECITALS

A. On 7/10/2006, Debtor, for valuable consideration, made, executed and delivered a Note secured by a First Deed of Trust both in the original amount of $327,000.00 on the property commonly known as 207 Chettro Court, Henderson, NV 89074 ("Subject Property").

B. On or about 12/9/2013, Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court, Nevada District of Nevada.

C. As of the date of filing of said bankruptcy case, the total amount of Secured Creditor's claim with regard to the Subject Property was approximately $315,730.85 (see claim 7-1, dated 4/9/2014). To date, the claim has increased to $403,162.61.

D. The parties have conferred and agreed upon the treatment of Secured Creditor's first lien secured by the Subject Property for purposes of Debtor's Chapter 11 Plan and those terms are reflected below.

## THE PARTIES HERETO STIPULATE AND AGREE AS FOLLOWS:

1. The value of the Subject Property is $325,000.00 for the purposes of this instant Chapter 11 case.

2. Secured Creditor will have a secured claim in the amount of $325,000.00 and an unsecured claim of approximately $78,162.61 and the unsecured claim will be reduced to $0 upon confirmation of the plan.

3. Debtor agrees to pay the secured claim amount of $325,000.00 at a 5.5% fixed interest rate with payments calculated at a 360 month amortization schedule, with maturity occurring 359 months after the 1st payment due as described below.

4. The principal and interest payment ("P&I" herein) under these agreed terms is approximately $1,845.31 per month. This amount is approximate, and the formal re-amortization under this agreement will be completed by Secured Creditor after successful confirmation of the Plan of Reorganization that incorporates same.

5. The loan will be further modified to "de-escrow" the subject loan, and will no longer be impounded for taxes and insurance on the Subject Property in accordance with the terms

of the deed of trust and note. Accordingly, the Debtor will maintain and pay ongoing property taxes and hazard insurance premiums directly and if there is any default on these obligations Secured Creditor may exercise its remedies as described in the deed of trust and note. Debtor(s) also agree(s) to provide proof of insurance/proof of payment of all property taxes to taxing authorit(ies) to Secured Creditor within 30 days upon request, or in any case, on an annual basis to Secured Creditor.

6. The first payment under this agreement is due on February 1, 2018, in the amount of $1,845.31 per month (principal and interest). Debtor(s) agree(s) to make payments in this amount until the permanent loan adjustments are made and post-confirmation mortgage statement is sent out reflecting the new loan terms and monthly payment amount. Debtor(s) agree(s) to pay the amounts reflected in those statements.

7. Payments shall be made directly to Secured Creditor at P.O. Box 24330 Oklahoma City, OK 73124, with reference to the last four digits of the Loan Number 6996, or as otherwise directed.

8. All other terms of the Deed of Trust and Note not directly altered by this agreement will remain in full force and effect.

9. Secured Creditor has relief from the automatic stay as to the Subject Property upon confirmation of Debtor's Chapter 11 Plan.

10. In the event of a default on payments to Secured Creditor under the terms of this stipulation prior to the entry of the confirmation order, Secured Creditor shall notify Debtor and Debtor's counsel of the default in writing. Debtor(s) shall have fifteen (15) calendar days from the date of the written notification to cure the default, and Debtor(s) agree(s) to pay an additional $100.00 for attorney fees for each default occurrence. If Debtor(s) fail(s) to cure the default, Secured Creditor may lodge a declaration of default and order terminating the automatic stay. Upon entry of the order the automatic stay shall be terminated and extinguished for purposes of allowing Secured Creditor to notice, proceed with, and hold a trustee's sale of the Subject Property, pursuant to applicable state law and without further Court Order or proceeding being necessary, including any

Stipulation for Plan Treatment, Case No. 13-20220-gs
File No. NV-16-126440

action necessary to obtain complete possession of the Subject Property, including unlawful detainer.

11. In the event of a default on payments to Secured Creditor under the terms of this stipulation after the entry of the confirmation order, Secured Creditor shall may proceed pursuant to the terms of the underlying deed of trust and note, and state and federal law, to obtain complete possession of the Subject Property, including unlawful detainer, without further court order or proceeding being necessary.  Any and all default provisions included in Debtor's Chapter 11 plan are not applicable to Secured Creditor with regard to the Subject Property, and Secured Creditor is only bound by the terms included in this stipulation.

12. Debtor(s) agree(s) to incorporate the above agreed terms of lien treatment into any and all existing and future proposed Chapter 11 Plans through either exact language or by attaching this stipulation as an exhibit to the plan, and if any terms in Debtor's Chapter 11 Plan conflict with the terms of this stipulation the terms of this stipulation will control. The Debtor shall propose/file/set for confirmation any such Plan that incorporates this Stipulation on or before January 31, 2018. In the event that Debtor's Chapter 11 Plan does not reflect the language of this stipulation, Debtor(s) agree(s) that the stipulation terms will be incorporated into the confirmation order through exact language, attachment of the stipulation as an exhibit to the confirmation order, or by reference in the confirmation order of the stipulation by document number.

///
///
///
///
///
///
///
///
///

Stipulation for Plan Treatment, Case No. 13-20220-gs
File No. NV-16-126440

13. Secured Creditor agrees to vote for Debtor's(s') Chapter 11 Plan provided it Debtor has complied with all provisions of this stipulation.

14. If this instant Chapter 11 bankruptcy petition is dismissed and/or converted to another chapter under title 11, Secured Creditor's lien shall remain a valid secured lien for the full amount due under the original Promissory Note and all payments received under this agreement will be applied contractually under the original terms of the Deed of Trust and original Promissory Note.

IT IS SO STIPULATED:

Dated: 12/12/2017                  /s/ Corey B. Beck
                                   Corey B. Beck
                                   Attorney for Debtor,
                                   Herni Thompson

Dated: 12/12/2017                  /s/ Michael Chen
                                   Michael Chen, Esq.
                                   McCarthy & Holthus, LLP
                                   Attorney for U.S. Bank Trust, N.A., as
                                   Trustee for LSF9 Master Participation Trust,
                                   by Caliber Home Loans, Inc., as its attorney
                                   in fact, its assignees and/or successors