_____
Honorable Gary Spraker
United States Bankruptcy Judge

Entered on Docket
May 31, 2018

_____

MICHAEL R. BROOKS, ESQ.
Nevada Bar No. 007287
SCOTT D. FLEMING, ESQ.
Nevada Bar No. 005638
**KOLESAR & LEATHAM**
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Telephone: (702) 362-7800
Facsimile: (702) 362-9472
E-Mail: mbrooks@klnevada.com
       sfleming@klnevada.com

Attorneys for Secured Creditor
*Wilmington Savings Fund Society, FSB*
*As Trustee for Stanwich Mortgage Loan Trust B*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| IN RE: | Case No. BK-S-13-20220-gs |
|---|---|
| HERNI THOMPSON, | Chapter 11 |
| Debtor. | **ORDER APPROVING STIPULATION BY DEBTOR AND WILMINGTON SAVINGS FUND SOCIETY, FSB AS TRUSTEE FOR STANWICH MORTGAGE LOAN TRUST B REGARDING TREATMENT OF CLAIM PURSUANT TO CHAPTER 11 PLAN OF REORGANIZATION** |

On November 20, 2017, Debtor and Debtor-in-Possession HERNI THOMPSON ("Debtor"), by and through her attorney, Corey B. Beck, Esq., and Secured Creditor Wilmington Savings Fund Society, FSB as Trustee for Stanwich Mortgage Loan Trust B ("Wilmington Savings" or "Creditor"), by and through its counsel, Michael R. Brooks, Esq. and Scott D.

Fleming, Esq., of Kolesar & Leatham, entered into a certain *Stipulation by Debtor and Wilmington Savings Fund Society, FSB as Trustee for Stanwich Mortgage Loan Trust B Regarding Treatment of Claim Pursuant to Chapter 11 Plan of Reorganization* [ECF No. 309] (the "Stipulation"), which includes the following provisions:

1. As of October 1, 2017, Creditor shall have a secured claim in the amount of $177,538.73 (the "Secured Claim") to be amortized over 30 years at the fixed interest rate of 6.375% per annum.

2. Debtor shall tender regular monthly payments of principal and interest in the amount of $1,107.61 on the first of each month to Creditor for the Secured Claim commencing December 1, 2017 and continuing until, November 1, 2047, when all such outstanding amounts under the Secured Claim are paid in full.

3. Debtor shall be free to sell the Property at any time upon payment in full of the Secured Claim then outstanding.

4. Debtor shall maintain real property taxes and real property hazard insurance paid current for the Subject Property, and provide proof of said insurance to Creditor on a timely basis. In the event Debtor fails to make the above tax or insurance payment, Debtor shall tender all necessary payments for any and all real property taxes and/or real property insurance advances made or to be made by Creditor. Such payment by Creditor shall not serve as a waiver of any default under the terms of this Stipulation.

5. In the event of any future default on any of the provisions of this Stipulation, Creditor shall provide written notice, via first class mail, to debtor Henri Thompson, at 2657 Windmill Parkway, No. 639, Henderson, Nevada 89074, and to Debtor's attorneys of record, provided the Debtor's bankruptcy remains active, at Corey B. Beck, Esq., The Law Office of Corey B. Beck, P.C., 425 South Sixth Street, Las Vegas, Nevada 89101, indicating the nature of the default. If Debtor fails to cure the default with certified funds after passage of fifteen (15) calendar days from the date said written notice is placed in the mail, then Creditor, may proceed to foreclose its security interest in the Subject Property under the terms of the Note and Deed of Trust and pursuant to applicable state law and thereafter commence any action necessary to

obtain complete possession of the Subject Property. In the event that the Debtor's case is open at the time of default, such relief shall be effective upon filing of a declaration and ex parte order terminating the automatic stay. This provision shall only be effective prior to the closing of the bankruptcy case, either administratively or finally. Should the Debtor default under the terms of this Stipulation and/or Chapter 11 Plan after the case is closed, Creditor may proceed to foreclose its security interest under the terms of the Note, Deed of Trust and applicable state law without any further action.

6. The acceptance by Creditor of a late or partial payment shall not act as a waiver of Creditor's right to proceed hereunder.

7. Except as otherwise expressly provided herein, all remaining terms of the Note and Deed of Trust shall govern the treatment of Creditor's Secured Claim.

8. Any notice of default that Creditor provides Debtor and/or Debtor's attorneys pursuant to this Stipulation shall not be construed as a communication under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*.

9. At the request and discretion of the Creditor, Debtor shall execute such documents and instruments as are necessary to reflect the Debtors as the borrower of the Secured Claim, and to modify the terms of the obligation to conform to the provisions of this Stipulation.

10. In the event the Debtor sells or refinances the Subject Property prior to receiving their Chapter 11 discharge, Creditor shall be entitled to exercise its rights pursuant to 11 U.S.C. § 363(f) and/or 11 U.S.C. § 363(k) and shall be permitted to receive proceeds from the sale of the Subject Property in an amount not less than the outstanding balance owing under the original terms of the Note.

11. The terms of this Stipulation shall constitute the complete and entire treatment of the Secured Claim and may not be modified, altered, or changed by the Plan, any confirmation order thereon, any subsequently filed Amended Chapter 11 Plan of Reorganization and confirmation order thereon or any modification thereof without the express written consent of the Creditor. The above terms of this Stipulation shall be deemed incorporated into the Plan and/or any subsequently filed Amended Chapter 11 Plan of Reorganization. The Debtor shall file an

1  Amended Chapter 11 plan and/or confirmation order that incorporates the terms of this
2  Stipulation and attach a copy of this Stipulation as an exhibit to the amended plan and/or
3  confirmation order. The Debtor's failure to comply with this provision shall constitute a default
4  under the terms of the Stipulation. The terms of this Stipulation shall control in the event of a
5  conflict between this Stipulation and Debtor's Chapter 11 Plan, confirmation order or any
6  amendments or modifications thereof, or any prior stipulations between Debtor and Creditor.

7      12. In the event Debtor's case is dismissed or converted to any other chapter under
8  Title 11 of the United States Bankruptcy Code, Creditor shall retain its lien in the full amount
9  due under the Note, to be paid at the rate and terms provided for under the Note and Deed of
10 Trust, and the automatic stay shall be terminated without further notice, order or proceeding of
11 the Court.

12     13. In the event the Debtor asserts Creditor has failed to properly update its system to
13 comply with the terms of this Stipulation within a reasonable period of time after an order is
14 entered confirming the Debtor's Chapter 11 Plan of Reorganization, which shall be no less than
15 ninety (90) days, the Debtor shall be required to provide written notice of the alleged lack of
16 compliance to Creditor and Creditor's counsel of record, Michael B. Brooks, Esq., Kolesar &
17 Leatham, 400 South Rampart Boulevard, Suite 400, Las Vegas, Nevada 89145, and Barrett
18 Daffin Frappier Treder & Weiss, LLP, 20955 Pathfinder Road, Suite 300, Diamond Bar,
19 California 91745, as well as electronically at mbrooks@klnevada.com and
20 nvecf@bdfgroup.com, indicating the nature of the alleged lack of compliance. If Creditor fails
21 to either remedy the alleged lack of compliance and/or provide an explanation refuting the
22 Debtor's allegation after the passage of ninety (90) days from the date Creditor receives said
23 written notice (the "Meet and Confer Period"), Debtor may proceed with filing the appropriate
24 motion in bankruptcy court seeking Creditor's compliance. However, provided Creditor has in
25 good faith sought to remedy Debtor's grievance during the Meet and Confer Period, Debtor shall
26 not request nor be entitled to an award of their attorneys' fees and costs nor sanctions as a result
27 of filing said motion.
28 / / /

KOLESAR & LEATHAM
400 Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

14. Except as expressly provided herein, the Debtor waives any and all claims, causes of action, whether known or unknown, he currently has against Creditor, and its respective agents, parents, affiliates, subsidiaries, attorneys, predecessors, current and subsequent holders of the Note and Deed of Trust (collectively the "Loan"), successors and assigns in relation to the Loan referenced herein and any and all agreements which exist between them regarding or relating to the Loan prior to the date of this Stipulation. This waiver includes Debtor's right to object to the Secured Claim. The Debtor also releases Creditor and its respective agents, parents, affiliates, subsidiaries, attorneys, predecessors, current and subsequent holders of the Loan, successors and assigns from any liability in relation to the Loan prior to the date of this Stipulation.

15. In exchange for the foregoing, this Stipulation shall constitute a ballot voting in favor of the Debtor's Chapter 11 Plan of Reorganization for the Secured Claim.

The Court having reviewed the Stipulation, and for good cause appearing:

IT IS ORDERED, ADJUDGED AND DECREED that the Stipulation is approved in its entirety and shall constitute an Order of this Court.

Submitted by:

KOLESAR & LEATHAM

*/s/ Scott D. Fleming, Esq.*
SCOTT D. FLEMING, ESQ.
Nevada Bar No. 005638
400 S. Rampart Blvd., Suite 400
Las Vegas, NV 89145
*Attorneys for Secured Creditor*
*Wilmington Savings Fund Society, FSB,*
*as Trustee of Stanwich Mortgage Loan Trust B*

Approved as to form and content

THE LAW OFFICE OF COREY B. BECK, P.C.

*/s/ Corey B. Beck, Esq.*
COREY B. BECK, ESQ.
Nevada Bar No. 005870
425 South Sixth Street
Las Vegas, NV 89101
*Attorney for Debtor*

# # #