COREY B. BECK, ESQ.
Nevada Bar No. 005870
THE LAW OFFICE OF COREY B. BECK, P.C.
425 South Sixth Street
Las Vegas, Nevada 89101
Ph.: (702) 678-1999
Fax: (702) 678-6788
becksbk@yahoo.com

Attorney for Debtor

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | BK-S-13-20220-gs |
| | Chapter 11 proceeding |
| HERNI THOMPSON | |
| | **DEBTORS' PLAN OF REORGANIZATION** |
| | **PLAN # 5** |
| Debtor. | |

The Debtor, Herni Thompson, by and through her attorney, Corey B. Beck, Esq., hereby propose the following Plan of Reorganization Plan # 5 requesting acceptance of the Plan # 5 by her creditors and approval of the Plan by the Bankruptcy Court.

**ARTICLE I - DEFINITIONS**

The following terms, when used in this "Plan of Reorganization," shall have the following meanings:

1.01    Administrative Claim

This term shall refer to every claim and expense of administration of the reorganization case of the Debtor, including the actual necessary expenses of preserving and making a disposition of the assets of the Debtor, and any actual necessary expenses of operating the business, and all allowances, including professional fees, costs, and U.S. Trustee's fees, and other claims approved by the court in accordance with the provisions of the United States Bankruptcy Code.

1.02    Allowed Claim

This term shall refer to every claim (a)(I) for which a proof of claim has been filed with the court within the time fixed by the court, or if such claim arises from the Debtor's rejection of an executory contract, if any, from 30 days after the Effective Date of the Plan, or (ii) which the

Debtor has listed or scheduled as of the Effective Date of the Plan, as liquidated in an undisputed amount; and in either event (b)(I) as to which no objection to the allowance of such claim or request for subordination thereof, which (if granted) will affect the distribution to the creditors asserting the claim, has been filed within any applicable time period fixed by the court, or (ii) as to which the order allowing such claim and establishing (if applicable) its priority has become final and non-appealable.

      1.03    Bankruptcy Code

This term shall refer to Title 11 of the United States Code, as now existing and hereafter amended.

      1.04    Claim

This term shall refer to every right and remedy encompassed within the statutory definition set forth in Section 101(5) of the Bankruptcy Code, whether or not such claim is an "allowed claim" as defined elsewhere in this Plan.

      1.05    Confirmation Date

This term shall refer to the date of the entry on the docket of the Bankruptcy Court, an order confirming the Plan and any and all supplemental orders affecting the content of the Plan or orders entered in conjunction with the Plan for purpose of implementing the Plan.

      1.06    Confirmation of Order

This term shall refer to the court's order confirming the Plan and any and all supplemental orders confirming amendments to the Plan or orders entered in conjunction with the Plan for the purpose of implementing the Plan.

      1.07    Court

This term shall refer to the United States Bankruptcy Court for the District of Nevada, excepting in so far as it is necessary or appropriate for jurisdiction to be exercised by the United States District Court for the District of Nevada, or other Courts which the Debtor may utilize to consummate this Plan or otherwise preserve the assets of the Debtor.

      1.08    Creditor

This term shall refer to every holder of a claim, whether or not such claim is an "allowed

claim" encompassed within the statutory definitions set forth in Section 101(10) of the Bankruptcy Code.

1.09    Debtor-In-Possession

This term shall refer to Herni Thompson which is the Debtors of record in this case.

1.10    Effective Date

This term shall refer to the first business day 30 days after the date on which the confirmation order has become final and non-appealable with no appeal then pending.  Except for an earlier performance by the Debtors as expressed or required by the provisions of the Plan, all time periods shall run from the Effective Date of the Plan, nevertheless the Debtor shall have the right, but not the obligation, to make the performance due hereunder prior to the Effective Date, if Debtors in their business judgment deem it appropriate to do so.

1.11    Plan

This term shall refer to this Plan of Reorganization and every subsequent modification thereof, if any, filed by the Debtor.

1.12    Reorganization Case

This term shall refer to the above-captioned bankruptcy proceeding pending before the United States Bankruptcy Court for the District of Nevada which the Debtors commenced by filing a Voluntary Petition under Chapter 11 of the Bankruptcy Code on February 19, 2015.

**ARTICLE II – SUMMARY**

This Plan of Reorganization (the "Plan") under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§101, et seq. (the "Bankruptcy Code") proposes to pay creditors of Herni Thompson, the above-captioned debtors and debtors-in-possession (the "Debtor ") from the reorganization of his financial affairs.

The implementation of the Plan is based on future earnings from the assets of the debtor and net income from the rentals of real property.

The Plan also proposes to value the real properties for the purpose of re-calibrating notes to the value of the properties securing the notes – this has been called "cramdown." Other creditors will no longer have secured claims, if they have a secured claim which is completely undersecured

– this is sometimes called a "strip off" of the lien.

This Plan provides for twelve separate classes. Unsecured creditors holding allowed claims will receive distributions. This Plan also provides for the payment of administrative or priority claims. All creditors should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claims. A Disclosure Statement, (the "Disclosure Statement"), that provides more detailed information regarding this Plan and the rights of creditors was circulated with this Plan. Your rights may be affected. You should read these papers carefully and discuss them with your attorney. If you do not have an attorney, you may wish to consult one.

The Plan also proposes abandoning certain assets and claims owned by the Debtor at the time she filed her Chapter 11 Petition.

## ARTICLE III – CLASSIFICATION AND TREATMENT OF CLAIMS

This Plan constitutes the Chapter 11 Plan of Reorganization of the Debtor. All Claims against the Debtor are placed in classes (each a "Class") as designated by Classes 1 through 5.

The categories of Claims, (as defined in the Bankruptcy Code), listed below classify Claims for all purposes, including, without limitation, voting, confirmation, and distribution pursuant to this Plan and sections 1122 and 1123(a)(1) of the Bankruptcy Code. The Plan deems a Claim to be classified in a particular Class only to the extent that the Claim qualifies within the description of that Class and shall be deemed classified in a different Class to the extent that any remainder of such Claim qualifies within the description of such different Class. A Claim is in a particular Class only to the extent that any such Claim is allowed in that Class and has not been paid or otherwise settled prior to the Effective Date of the Plan.

Classification of Claims

**Class 1 Claims - Income and Sales Tax**

Debtor does not have any income and/or sales tax claims.

**Class 2 Claims - Real Property Taxes**

To the best knowledge of the Debtor at this time there is one outstanding priority claim in the amount of $1,094.50 on 1209 N. Buffalo Drive property. Debtor will pay property taxes

through plan.

**Class 3 Type Claims - Holders of First Deeds of Trust**

The properties affected are 2703 Pala Dura Drive, 207 Chettro Court, and 2832 Mayfair Avenue. The Deeds of Trust of each of these properties will be "crammed down" to current market value of the properties and then will be amortized over a period of 30 years at 5% interest.

**Class 3A- 2703 Pala Dura Drive**

Fannie Mae (first mortgage) has a $25,347.22 mortgage. Bank of New York Mellon has a $5,170.91 unsecured claim. *See Exhibit "1" - Exhibit of proposed Distribution to Unsecured Creditors.* Proposed distribution on unsecured claim is a 100% dividend.

**Class 3B - 207 Chettro Court**

Debtor owns investment property located at 207 Chettro Court, Henderson, NV 89074. U.S. Bank Trust NA, secured creditor, has a secured claim in the amount of $325,000.00 and an unsecured claim of approximately $78,162.61 and the unsecured claim will be reduced to $0.00 upon confirmation of the plan. Debtor agrees to pay the secured claim amount of $325,000.00 at a 5.5% fixed interest rate with payments calculated at 360 month amortization schedule, with maturity occurring 359 months after the 1st payment due as described below. The principal and interest payment under these agreed terms is approximately $1,845.31 per month. The first payment under this agreement is due on February 1, 2018. Payments will be made directly to secured creditor. Debtor has secured vote for plan.

**Class 3C - 2832 Mayfair Avenue**

Debtor owns investment property located 2832 Mayfair Avenue. Flagstar Bank is secured creditor in the amount of $187,000.00. There is an Order valuing property at $175,000.00. Debtor is proposing to pay ordered value at 5% over 30 years. Debtor's sister resides at said property and pays Flagstar Bank payment amount. Debtor receives $1,000.00 rent. Debtor has secured vote for plan.

**Class 4 Claims - Real Property - Balance to be paid but terms are extended**

Debtor owns investment property located at 3941 West Park Avenue, Phoenix, AZ 85041. Wilmington Savings Fund Society, FSB as Trustee for Stanwich Mortgage Loan Trust B has a

secured claim in the amount of $177,538.73 to be amortized over 30 years at the fixed interest rate of 6.375% per annum. Debtor shall tender regular monthly payments of principal and interest in the amount of $1,107.61 commencing December 1, 2017 and continuing until November 1, 2047.

The terms of this Stipulation entered on May 31, 2018 (Docket # 352) shall constitute the complete and entire treatment of Secured Claim and may not be modified, altered, or changed by the Plan, any confirmation order thereon, any subsequently filed Amended Chapter 11 Plan of Reorganization and confirmation order thereon or any modification thereof without the express written consent of the Creditor. The above terms of the Stipulation shall be deemed incorporated into the Plan and/or any subsequently filed Amended Chapter 11 Plan of Reorganization. The Debtor shall file an Amended Chapter 11 plan and/or confirmation order that incorporates the terms of the Stipulation and attach a copy of the Stipulation as an exhibit to the amended plan and/or confirmation order. The Debtor's failure to comply with this provision shall constitute a default under the terms of the Stipulation. The terms of the Stipulation shall control in the event of a conflict between the Stipulation and Debtor's Chapter 11 Plan, confirmation order or any amendments or modifications thereof, or any prior Stipulations between Debtor and Creditor. *See Exhibit "2" - Copy of Order Approving Stipulation docketed on May 31, 2018 - Docket # 352.* Debtor has secured vote for plan.

**Class 5 A - Real Property Retained**

Debtor has an investment property located at 7706 S. 40th Avenue. Seterus is the secured creditor in the amount of $104,499.00. Debtor is not changing value or payment amount. Debtor has cured arrears through July 30, 2014 stipulation. Debtor has secured vote for plan.

**Class 6 - Property to be surrendered**

None.

**Class 7 - Unsecured Claims**

All unsecured creditors will be paid 100% dividend on their claim. See Exhibit "1" - Exhibit of Proposed Distribution to Unsecured Creditors. Unsecured class includes scheduled claims, undersecured claims, claims by court order (valuation order) and by agreement (stipulation).

**Class 8 - Equity Class**

Debtor has 20% interest in Annie Cream Cheese, LLC. Debtor's interest is valued at approximately $30,000.00. Debtor has minority interest. Moreover, there is not an "open-market" for sale of Debtor's interest in corporation. Therefore, liquidation of Debtor's interest would be speculative and difficult to effectuate. Therefore, "new value" paid by the Debtor is appropriate for Debtor to retain 20% interest in Annie Cream Cheese, LLC. Debtor is paying 100% to unsecured creditors in the amount of $43,755.35. Moreover, distribution is fair as there is no objection from unsecured creditor.

## ARTICLE IV - TREATMENT OF CLAIMS

Commencing on the Effective Date of the Plan, and each month thereafter, the Debtors shall pay to their creditors, after the payment of Administrative Expenses, the sum of $500.00 per month pursuant to the terms of this Plan.

The proposed treatment of Claims under the Plan is as follows:

**Class 1 Claims - Income and Sales Tax**

Debtor does not have any income and/or sales tax claims.

**Class 2 Claims - Real Property Taxes**

To the best knowledge of the Debtor at this time there is one outstanding priority claim in the amount of $1,094.50 on 1209 N. Buffalo Drive property. Debtor will pay property taxes through plan.

**Class 3 Type Claims - Holders of First Deeds of Trust**

The properties affected are 2703 Pala Dura Drive, 207 Chettro Court, and 2832 Mayfair Avenue. The Deeds of Trust of each of these properties will be "crammed down" to current market value of the properties and then will be amortized over a period of 30 years at 5% interest.

**Class 3A - 2703 Pala Dura Drive**

Fannie Mae (first mortgage) has a $25,347.22 mortgage. Bank of New York Mellon has a $5,170.91 unsecured claim. *See Exhibit "1" - Exhibit of proposed Distribution to Unsecured Creditors.* Proposed distribution on unsecured claim is a 100% dividend.

**Class 3B - 207 Chettro Court**

Debtor owns investment property located at 207 Chettro Court, Henderson, NV 89074. U.S. Bank Trust NA, secured creditor, has a secured claim in the amount of $325,000.00 and an unsecured claim of approximately $78,162.61 and the unsecured claim will be reduced to $0.00 upon confirmation of the plan. Debtor agrees to pay the secured claim amount of $325,000.00 at a 5.5% fixed interest rate with payments calculated at 360 month amortization schedule, with maturity occurring 359 months after the 1st payment due as described below. The principal and interest payment under these agreed terms is approximately $1,845.31 per month. The first payment under this agreement is due on February 1, 2018. Payments will be made directly to secured creditor. Debtor has secured vote for plan.

**Class 3C - 2832 Mayfair Avenue**

Debtor owns investment property located 2832 Mayfair Avenue. Flagstar Bank is secured creditor in the amount of $187,000.00. There is an Order valuing property at $175,000.00. Debtor is proposing to pay ordered value at 5% over 30 years. Debtor's sister resides at said property and pays Flagstar Bank payment amount. Debtor receives $1,000.00 rent. Debtor has secured vote for plan.

**Class 4 Claims - Real Property - Balance to be paid but terms are extended**

Debtor owns investment property located at 3941 West Park Avenue, Phoenix, AZ 85041. Wilmington Savings Fund Society, FSB as Trustee for Stanwich Mortgage Loan Trust B has a secured claim in the amount of $177,538.73 to be amortized over 30 years at the fixed interest rate of 6.375% per annum. Debtor shall tender regular monthly payments of principal and interest in the amount of $1,107.61 commencing December 1, 2017 and continuing until November 1, 2047.

The terms of this Stipulation entered on May 31, 2018 (Docket # 352) shall constitute the complete and entire treatment of Secured Claim and may not be modified, altered, or changed by the Plan, any confirmation order thereon, any subsequently filed Amended Chapter 11 Plan of Reorganization and confirmation order thereon or any modification thereof without the express written consent of the Creditor. The above terms of the Stipulation shall be deemed incorporated into the Plan and/or any subsequently filed Amended Chapter 11 Plan of Reorganization. The Debtor shall file an Amended Chapter 11 plan and/or confirmation order that incorporates the

terms of the Stipulation and attach a copy of the Stipulation as an exhibit to the amended plan and/or confirmation order. The Debtor's failure to comply with this provision shall constitute a default under the terms of the Stipulation. The terms of the Stipulation shall control in the event of a conflict between the Stipulation and Debtor's Chapter 11 Plan, confirmation order or any amendments or modifications thereof, or any prior Stipulations between Debtor and Creditor. *See Exhibit "2" - Copy of Order Approving Stipulation docketed on May 31, 2018 - Docket # 352.* Debtor has secured vote for plan.

**Class 5 A - Real Property Retained**

Debtor has an investment property located at 7706 S. 40th Avenue. Seterus is the secured creditor in the amount of $104,499.00. Debtor is not changing value or payment amount. Debtor has cured arrears through July 30, 2014 stipulation. Debtor has secured vote for plan.

**Class 6 - Property to be surrendered**

None.

**Class 7 - Unsecured Claims**

All unsecured creditors will be paid 100% dividend on their claim. See Exhibit "1" - Exhibit of Proposed Distribution to Unsecured Creditors. Unsecured class includes scheduled claims, undersecured claims, claims by court order (valuation order) and by agreement (stipulation).

**Class 8 - Equity Class**

Debtor has 20% interest in Annie Cream Cheese, LLC. Debtor's interest is valued at approximately $30,000.00. Debtor has minority interest. Moreover, there is not an "open-market" for sale of Debtor's interest in corporation. Therefore, liquidation of Debtor's interest would be speculative and difficult to effectuate. Therefore, "new value" paid by the Debtor is appropriate for Debtor to retain 20% interest in Annie Cream Cheese, LLC. Debtor is paying 100% to unsecured creditors in the amount of $43,755.35. Moreover, distribution is fair as there is no objection from unsecured creditor.

## ARTICLE V -

## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS AND

**U.S. TRUSTEES FEES**

In accordance with section 1123(a)(1) of the Bankruptcy Code, administrative expense claims are not in classes.

Each holder of an administrative expense claim allowed under Section 503 of the Bankruptcy Code will be paid in full on the Effective Date of this Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtors.

All fees required to be paid by 28 U.S.C. §1930 will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Bankruptcy Code. Any U.S. Trustee Fees owed on or before the Effective Date of this Plan will be paid on the Effective Date.

Claims by attorneys at law and other professionals are subject to approval by the Court as to their being reasonable. No applications for allowances of administrative claims have yet been filed, although the Court has approved the payments to the appraisers retained by the Debtors.

Debtors have already paid $15,000.00 toward these fees and costs. Debtors will pay an additional $15,000.00 attorneys fees. Undersigned counsel will file Fee Application for approval of additional fees. It is anticipated that billed attorneys fees will be significantly more but undersigned counsel will reduce fees to paid to $30,000.00.

**ARTICLE VI - ASSETS ABANDONED**

No assets to be abandoned at this time.

**ARTICLE VII - GENERAL PROVISIONS**

Except as otherwise set forth in the Plan, the definitions and rules of construction set forth in Sections 101 and 102 of the Bankruptcy Code shall apply when terms defined or construed in the Bankruptcy Code are used in the Plan.

The Effective Date of this Plan shall be the first business day 30 days after the date on which the confirmation order has become final and non-appealable with no appeal then pending. Except for an earlier performance by the Debtor are expressed or required by the provisions of the Plan, all time periods shall run from the Effective Date of the Plan, nevertheless the Debtor shall have the right, but not the obligation, to make the performance due hereunder prior to the Effective Date, if the Debtor in her business judgment deem it appropriate to do so.

The Debtor may modify the Plan at any time before confirmation of the Plan. The Court, however, may require a new Disclosure Statement or re-voting on the Plan, or both. The Debtor may also seek to modify the Plan at any time after confirmation only if (A) the Plan has not been substantially consummated and (B) the Court authorizes the proposed modifications after notice and a hearing.

Upon request of the Debtor, the Plan may be modified at any time after confirmation of the Plan, but before the completion of payments under the Plan, to (1) increase or reduce the amount of payments under the Plan on claims of a particular class, (2) extend or reduce the time period for such payments, or (3) alter the amount of distribution to a creditor whose claim is provided for by the Plan to the extent necessary to take on account of any payment of a claim made other than under the Plan.

Effective as of the date hereof and subject to the limitations and rights contained in the Plan: (a) the Debtor reserves the right, in accordance with the Bankruptcy Code and the Bankruptcy Rules, to amend or modify the Plan prior to the entry of the confirmation order; and (b) after the entry of the confirmation order, the Debtor may, upon order of the Bankruptcy Court, amend or modify the Plan, in accordance with section 1127(b) of the Bankruptcy Code to remedy any defect or omission, or to reconcile any inconsistency in the Plan in such manner as may be necessary to carry out the purpose and intent of the Plan; provided, however, that any such modification to the Plan shall not affect the rights or treatment of holders of unsecured claims.

Once the estate has been fully administered, as provided in Rule 3022 of the Federal Rules of Bankruptcy Procedure, the Debtor, or such other party as the Court shall designate in the Plan confirmation order, shall file a motion with the Court to obtain a final decree to close the case. Alternatively, the Court may enter such a final decree on its own motion.

Except as otherwise provided herein or in any contract, instrument, release or other agreement or document entered into or delivered in connection with the Plan, upon confirmation, all liens, claims, mortgages, deeds of trust, or other security interests against the property of the Debtors' estate shall be fully released and discharged. The security interests of the Debtors' estate shall be fully released and discharged.

The Debtor may take all actions to execute, deliver, file or record such contracts, instruments, releases and other agreements or documents and take such actions as may be necessary or appropriate to effectuate and implement the provisions of the Plan.

Pursuant to Section 1146(a) of the Bankruptcy Code, any transfers of property pursuant to the Plan shall not be subject to any stamp tax or other similar tax or governmental assessment in the United States, and the confirmation order shall direct the appropriate state or local governmental officials or agents to forgo the collection of any such tax or governmental assessment and to accept for filing or recording instruments or other documents pursuant to such transfers of property without the payment of any such tax or governmental assessment.

The Debtor reserves the right to revoke or withdraw the Plan prior to the confirmation hearing and to file subsequent Chapter 11 plans. If the Debtor revokes or withdraws the Plan, or if confirmation does not occur, then: (1) the Plan shall be null and void in all respects; (2) any settlement or compromise embodied in the Plan, assumption or rejection of Executory Contracts or Unexpired Leases effected by the Plan, and any document or agreement executed pursuant hereto shall be deemed null and void except as may be set forth in a separate order entered by the Court; and (3) nothing contained in the Plan shall: (a) constitute a waiver or release of Claims by or against, the Debtors or any other entity; (b) prejudice in any manner the rights of the Debtors or any other entity; or (c) constitute an admission, acknowledgment, offer or undertaking of any sort by the Debtors or any other entity.

The rights, benefits and obligations of any entity named or referred to herein shall be binding on, and shall inure to the benefit of, any heir, executor, administrator, successor, or assign of such entity.

Except as expressly set forth herein, the Plan shall have no force or effect until the Court enters the Confirmation Order.  Neither the filing of the Plan, any statement or provision contained in the Disclosure Statement, nor the taking of any action by a Debtor or any other entity with respect to the Plan shall be or shall be deemed to be an admission or waiver of any rights of: (1) the Debtors with respect to the holders of claims or other entity; or (2) any holder of a Claim or other entity prior to the effective date of the Plan.

The Debtor or the reorganized Debtor, as applicable, all holders of Claims receiving distributions under the Plan and all other entities shall, from time to time, prepare, execute and deliver any agreements or documents and take any other actions as may be necessary or advisable to effectuate the provisions and intent of the Plan or the confirmation order.

If, prior to confirmation of the Plan, any term or provision of the Plan is held by the Court to be invalid, void or unenforceable, the Court shall have the power to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void or unenforceable, and such term or provision then will be applicable as altered or interpreted, provided that any such alteration or interpretation must be in form and substance reasonably acceptable to the Debtors, and, to the extent such alteration or interpretation affects the rights or treatment of holders of unsecured claims, such claim holder.

On or before the Effective Date, the Debtor may file with the Court all agreements and other documents that may be necessary or appropriate to effectuate and further evidence the terms and conditions hereof.

**ARTICLE VIII - DISCHARGE**

Confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments under this Plan, or as otherwise provided in §1141(d)(5) of the Bankruptcy Code. The Debtor will not be discharged from any debt excepted from discharge under §523 of the Bankruptcy Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

Dated this 15th day of July, 2019.

          /s/ HERNI THOMPSON
          HERNI THOMPSON